IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

GREAT FALLS DIVISION

| | | |
|---|---|---|
| SCOTT PATRICK HEDDINGS, | ) | Cause No. CV 11-76-GF-RFC-RKS |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | FINDINGS AND RECOMMENDATION |
| | ) | OF U.S. MAGISTRATE JUDGE |
| WARDEN RENE GARCIA; | ) | |
| ATTORNEY GENERAL OF | ) | |
| THE STATE OF MONTANA, | ) | |
| | ) | |
| Respondents. | ) | |

This case comes before the Court on Petitioner Scott Heddings's petition for writ of habeas corpus under 28 U.S.C. § 2254. On December 20, 2011, Petitioner was ordered to show cause why the second of his two claims for relief should not be dismissed with prejudice as procedurally barred. In lieu of response, Petitioner sought an extension of time and then, on January 17, 2012, Petitioner moved to stay this case pending the Montana Supreme Court's ruling in a state habeas action.

Having reviewed the proceedings and Petitioner's submissions to date, it is clear that Petitioner misrepresented his filings in state court. He filed this action one week *after* he filed a second state habeas action. *See Heddings v. State*, No. OP 11-

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE / PAGE 1

0604 (Mont. filed Oct. 13, 2011), *docket available at* http://supremecourtdocket.mt.gov (accessed Jan. 31, 2012); *Trigueros v. Adams*, 658 F.3d 983, 987 (9th Cir. 2011). Despite specific requests for that information, *see* Pet. (doc. 1) at 3 ¶ 14, 5 ¶ 16, Petitioner failed to disclose to this Court his filing of the second state habeas action, *id.*; *see also* Pet. Br. (doc. 2) at 10.

Had Petitioner told the truth, he would have been advised months ago that he had filed a "mixed" petition – that is, a petition containing one exhausted claim and one unexhausted claim that might yet be addressed by the Montana Supreme Court. Generally, a mixed petition should be dismissed, *Rhines v. Weber*, 544 U.S. 269, 277 (2005) (revising, "in limited circumstances," the "total exhaustion" requirement of *Rose v. Lundy*, 455 U.S. 509, 522 (1982)), unless the petitioner can show good cause for his failure to exhaust his state remedies before he filed his federal petition, *Rhines*, 544 U.S. at 278, or unless there is undue risk that dismissal of the mixed petition may cause the petitioner to lose his opportunity to have his exhausted claims heard in federal court, *King v. Ryan*, 564 F.3d 1133, 1141 (9th Cir. 2009).

Plainly, dismissal is appropriate here. Petitioner cannot be heard to claim he had good cause for failure to exhaust before he filed in federal court. He concealed the fact that he was still attempting to exhaust state remedies, and he specifically asked the Court, without any prompting on the Court's part, to overlook his failure

to exhaust. Pet. Br. (doc. 2) at 10.

Further, the principal concern – expiration of Petitioner's time to file a federal petition, *see* 28 U.S.C. § 2244(d)(1); *Rhines*, 544 U.S. at 274; *King*, 564 F.3d at 1141 – is not present here. Petitioner's direct appeal was decided on November 25, 2008. His conviction became final ninety days later, on February 23, 2009. 28 U.S.C. § 2244(d)(1)(A); *Gonzalez v. Thayer*, __ U.S. __, No. 10-895, slip op. at 15 (U.S. Jan. 10, 2012); *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999). But Petitioner filed his postconviction petition in state court on January 21, 2009, even before his conviction became final. *Heddings v. State*, 265 P.3d 600, 602 ¶ 9 (Mont. 2011). The federal limitations period is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending" in state court. 28 U.S.C. § 2244(d)(2). Thus, Petitioner's federal limitations period commenced and was tolled in the same moment. His postconviction appeal was decided on September 14, 2011, *Heddings*, 265 P.3d at 600, and Day 1 of the limitations period was September 15, 2011.

Therefore, Petitioner has one year, or until September 14, 2012, to file a federal habeas petition. *See Lawrence v. Florida*, 549 U.S. 327, 332 (2007). Dismissal at this time will leave Petitioner ample remaining opportunity to file a timely and exhausted federal petition. There is no good cause for a stay under *Rhines* and no

undue risk to warrant a stay under *King*.

The petition should be dismissed as mixed. A certificate of appealability should be denied because there is no question about the vitality or application of the exhaustion requirement, about Petitioner's failure to exhaust, or about the lack of any justification for a stay of the federal petition. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)); *see also Slack*, 529 U.S. at 485-86.

Based on the foregoing, the Court enters the following:

### RECOMMENDATION

1. The Petition (doc. 1) should be DISMISSED for failure to exhaust state remedies;

2. The Clerk of Court should be directed to enter by separate document a judgment of dismissal; and

3. A certificate of appealability should be DENIED.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Petitioner may serve and file written objections to this Findings and Recommendation within fourteen (14) days of the date

entered as indicated on the Notice of Electronic Filing. If Petitioner files objections, he must itemize each factual finding to which objection is made and must identify the evidence in the record he relies on to contradict that finding; and he must itemize each recommendation to which objection is made and must set forth the authority he relies on to contradict that recommendation. Failure to assert a relevant fact or argument in objection to this Findings and Recommendation may preclude Petitioner from relying on that fact or argument at a later stage of the proceeding. A district judge will make a de novo determination of those portions of the Findings and Recommendation to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendation. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Petitioner must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address."</u> Failure to do so may result in dismissal of his case without notice to him.

DATED this <u>2nd</u> day of February, 2012.

/s/ Keith Strong<br>
Keith Strong<br>
United States Magistrate Judge